# In the United States Court of Federal Claims

Case No. 08-196C
FOR PUBLICATION
Filed:  September 28, 2012

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|   |   |   |
|---|---|---|
| | \* | |
| **C.R. PITTMAN CONSTRUCTION** | \* | |
| **COMPANY, INC.,** | \* | |
| | \* | |
| *Plaintiff,* | \* | Cross-Motion for Summary Judgment; |
| | \* | RCFC 56(c); Hurricane Katrina; Sovereign |
| v. | \* | Acts Doctrine; Impossibility Exception to |
| | \* | Sovereign Acts Doctrine |
| **UNITED STATES**, | \* | |
| | \* | |
| *Defendant.* | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Gerald A. Melchiode,* Trial Attorney, with whom were *William J. Perry* and *Jason J. Markey*, Galloway, Johnson, Tompkins, Burr & Smith, New Orleans, Louisiana; *J. Michael Littlejohn* and *Hal J. Perloff*, Akerman Senterfitt Wickwire Gavin, Vienna, Virginia, of Counsel, for Plaintiff.

*Timothy McIlmail,* Trial Attorney, with whom were *Michael Hertz*, Acting Assistant Attorney General; *Jeanne E. Davidson*, Director; *Mark A. Melnick*, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant. *William G. Meiners,* Office of Counsel, United States Army Corps of Engineers, for Defendant.

### OPINION and ORDER

**SMITH,** Senior Judge:

Before the Court is Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion.  In its motion for partial summary judgment, Plaintiff requests this Court to determine whether its negligence defense can be heard in this Court.

After careful review and consideration, and for the reasons set forth below, the Court **DEFERS JUDGMENT** on both Motions for Summary Judgment and subject to a status conference.

# I. FACTS AND PROCEDURAL HISTORY[1]

In 2000 and 2002, Army Corps of Engineers (the Corps) awarded C.R. Pittman two fixed-price contracts for the construction of the Dwyer Road and Cousins pumping stations for the Southeast Louisiana Urban Flood Control Project. As required under the Contracts, Plaintiff purchased the equipment and materials for the contracts and stored it at an agreed upon off-site storage area prior to construction and installation. Plaintiff received progress payments for this equipment from the Corps.

On August 29, 2005, Hurricane Katrina struck the New Orleans area, flooding the storage sites and damaging the off-site equipment. Both parties agree that the flood damage to the off-site equipment required total replacement or substantial refurbishment, prior to its installation. After the Hurricane, the Corps demanded that Plaintiff replace the damaged equipment and claimed that the Corps had overpaid Plaintiff because the damaged equipment's value no longer warranted the progress payments.

In response to Defendant's assertion that Plaintiff had been overpaid, the Plaintiff put the Corps on administrative notice that the damaged equipment fell under the scope of the Damage to Work Clause as "part of the permanent work" and, therefore, the contracts placed responsibility for the damaged equipment on the Corps. This Court already decided this issue and held that the Damage to Work Clause in the contracts placed responsibility on the Plaintiff for the damaged equipment. *C.R. Pittman Constr. Co., Inc. v. United States*, 92 Fed. Cl. 20, 25-29 (2010).

After this Court's decision, Plaintiff amended its complaint. Plaintiff argued that the negligence of the Corps of Engineers in designing, maintaining, and operating the New Orleans levees and floodwalls prevented Plaintiff from fulfilling its obligation to provide equipment free from damage, amounting to a breach of the Government's implied duty not to hinder performance of the contracts. Both parties moved for partial summary judgment, and the Court heard oral arguments in New Orleans, Louisiana.

# II. DISCUSSION

The question to be answered by the Court is whether Plaintiff may raise negligence as a defense to Defendant's Counterclaim demanding repayment of progress payments. Defendant argues that the Government—in its conduct with respect to the New Orleans levee and flood control system—was not acting as contractor with respect to Plaintiff but in its sovereign capacity as protector of New Orleans. Accordingly, Defendant asserts that the Sovereign Act doctrine precludes Plaintiff from raising a negligence defense to Defendant's counterclaim demanding repayment of progress payments. Plaintiff, in response, argues that the Sovereign Acts doctrine does not apply because the negligence at issue is not incidental to the contracts as

---

[1] A full recitation of the factual and jurisdictional history can be found in *C.R. Pittman Constr. Co., Inc*. v. United States, 92 Fed. Cl. 20, 23-24 (2010)

required by the doctrine. Defendant raised two other arguments, but the Court views the Sovereign Acts doctrine as a threshold issue, and will consider it first.

## A.   Sovereign Acts Doctrine

Generally when the Government acts in its capacity as contractor—as it did by agreeing to the terms of the Dwyer and Cousins contracts—the Court treats the Government as a private party. "When the United States enters into contract relations, its rights and duties therein are governed generally by the law applicable to contracts between private individuals." *United States v. Winstar Corp.*, 518 U.S. 839, 895 (1996) (principal opinion of Souter, J.). However, the Sovereign Acts doctrine shields the Government from liability for breach of contract caused by its "*public and general* acts as a sovereign." *Horowitz v. United States*, 267 U.S. 458, 461 (1925) (emphasis added). This doctrine, which is "based on the government's dual roles as contractor and sovereign," is designed to preserve the Government's ability to legislate and respond to changing circumstances while taking into account the expectation and reliance interests of government contractors. *Conner Bros. Const. Co., Inc. v. Geren*, 550 F.3d 1368, 1371-72 (Fed. Cir. 2008).

In *Winstar*,[2] the most recent Supreme Court case to address the Sovereign Acts doctrine, the Court stated that an act is public and general when its "impact upon public contracts is . . . *merely incidental* to the accomplishment of a broader government objective." 518 U.S. at 896, 898 (emphasis added). However, the doctrine does not apply when the Government's action is "tainted by a governmental object of self-relief." *Id*.

The Federal Circuit has provided additional guidance, holding that "the sovereign acts defense is unavailable where the governmental action is specifically directed at nullifying contract rights." *Conner Bros*, 550 F.3d at 1374 (holding that Colonel Votel's exclusion order barring contractors from the base for several weeks following 9/11 was a sovereign act because it was issued to preserve the secrecy of troop deployment operations, not to delay performance of the contract).

### 1.   Does the Sovereign Acts Doctrine Apply to Negligence?

Plaintiff argues that the Sovereign Acts doctrine does not apply for three reasons. First, Plaintiff argues that the Sovereign Act doctrine only applies to particular legislative or executive policy decision*s*, not to government negligence. Thus, according to Plaintiff, the exclusion order in *Conner Bros*. was promulgated to maintain operational security by preventing security leaks about preparations for deployment. Similarly, Plaintiff observes that in *Walter Dawgie Ski Corp v. United States*, this Court found that the periodic road closures that damaged Plaintiff were a

---

[2] In *Winstar*, the Supreme Court held that the Sovereign Acts doctrine did not apply because the new minimum capital requirements in FIRREA, which abrogated the benefits granted by the government to those financial institutions that had agreed to take over failing thrift institutions, had "the substantial effect of releasing the Government from its contractual obligations." 518 U.S. at 899.

general and public act undertaken for the purpose of road repair. 30 Fed. Cl. 115, 133-134 (1993).

Plaintiff's distinction, however, is artificial.  None of the cases cited by Plaintiff limit the application of the Sovereign Act doctrine to particular government policies.[3]  Moreover, the lead opinion in *Winstar* refused to consider whether FIRREA was undertaken primarily to "advance the general welfare," because all laws are presumably passed with this objective in mind.  518 U.S. at 894-95.  Rather, it focused on the *intent* of the Government, and found clear evidence in the legislative record that Congress was aware that some of the provisions in FIRREA would have the "substantial effect of releasing the Government from its own contractual obligations." *Id.* at 900-903.  In *Conner Bros*., the Federal Circuit adopted the same reasoning but reached the opposite conclusion, finding that Colonel Votel's (then later General) exclusion order was not directed at impairing the plaintiff's contractual rights, but was issued "to minimize potential threats to operational security and to facilitate deployment."  550 F.3d at 1377.  Negligent acts, in contrast, by their very nature are not directed at anyone in particular.  There is simply no evidence that the Government acted in bad faith to relieve itself of its contractual obligations vis-à-vis Plaintiff.

Second, Plaintiff argues that Government contractors may use negligence on the part of the Government to defend against breach of contract claims brought by the government, and cites precedents holding that contractors do not assume liability for damage caused by the negligence of the government or third parties unless clearly expressed in the contract.  *See, e.g., United States v. Seckinger*, 397 U.S. 203, 211-12 (1970).  However, the Sovereign Acts doctrine was not at issue in these cases.  For instance in *Seckinger*, the Government had waived sovereign immunity under the Federal Tort Claims Act.  *Id.* at 205.  Moreover, the Supreme Court has held that the Sovereign Acts doctrine "relieves the Government as contractor from the traditional blanket rule that a contracting party may not obtain discharge if its own act rendered performance impossible."  *Winstar*, 518 U.S. at 904.  By implication, the doctrine relieves the Government of liability when its own negligent acts hinder performance or render it impossible.

Finally, Plaintiff argues that the negligence at issue is not incidental to the contract because there is a sufficiently close nexus between the conduct of the Corps and the Government's contractual relationship with Plaintiff.  However, both parties stipulate in their briefs that the Hurricane Katrina flooding affected 80% of New Orleans, including 160,000 residences and buildings.  The broad impact of the Government's failure to stem the flooding—which affected thousands of people who were not in a contractual relationship with the Government—demonstrates that this conduct only incidentally affected C.R. Pittman's contract performance.  The Court therefore holds that the conduct of the Government in regard to the flood control and levy system was incidental to its contract with C.R. Pittman, and that the Government was acting in its capacity as sovereign.

---

[3] Whether the Sovereign Acts doctrine can apply to negligent acts appears to be an issue of first impression.

**2.    Does the Impossibility Exception to the Sovereign Acts Doctrine Apply?**

Plaintiff argues that even if the Sovereign Acts doctrine applies, the common-law doctrine of impossibility requires that the Government must not have assumed the risk that the event in question would occur.  According to the Restatement,

> [w]here, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary.

Restatement (Second) of Contracts § 261.  See also *Winstar*, 518 U.S. at 904.

Plaintiff, in this case, asserts that the "event" in question is the Government's negligence, and argues that the Government did not clearly place the risk of its own negligence on C.R. Pittman (as required in *Seckinger*), and that it accordingly "retain[s] responsibility for its own negligent acts."  Pl's Resp. to Def's Cross-Mot. Summ. J. 8, Feb. 27, 2012.  Defendant, in contrast, refers to the flooding as the "event" in question, and argues that Plaintiff did in fact assume the risk of flooding under the facts of the case.  According to the Government, "the contract in question imposed responsibility upon C.R. Pittman for flood damage to equipment other than equipment that was part of the permanent work."  Def.'s Reply Cross-Mot. Partial Summ. J., 4, March 9, 2012 (citing this Court's prior opinion, *C.R. Pittman Constr. Co., Inc. v. United States*, 92 Fed. Cl. 20, 29 (2010)).  Plaintiff, in response, argues that the two contracts contemplated the possibility of flooding but not negligence on the part of the Government.  Neither side has briefed this issue fully.

In a motion for summary judgment, any doubt over a factual issue must be resolved in favor of the non-moving party, to whom the benefits of presumptions and inferences run.  *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *United States v. Diebold Inc.*, 369 U.S. 654, 655 (1962)).  Therefore, the Court must assume that the Government was negligent in its management of the flood control and levee system for the purposes of its motion.  However, the Court is unable to determine without additional evidence whether the impossibility exception to the Sovereign Act doctrine applies.  Specifically, the Court requires more information relevant to which party assumed the risk of the Government's negligence in failing to prevent the flooding.  Also, the Court needs more information on how the negligence specifically affected the Plaintiff's efforts under the contracts.

**B.  Defendant's Other Arguments**

Defendant also argues that the Court cannot hear Plaintiff's negligence defense for two other reasons.  First, Defendant argues that this Court has no jurisdiction to hear Plaintiff's negligence defense under the Tucker Act because it is a claim sounding in tort,

which is specifically reserved to the district courts.  Second, Defendant argues that the Court cannot hear Plaintiff's negligence claim because it falls outside the final decisions made by the Contracting Officer.   In light of this opinion, the Court need not address these other arguments at this time.

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES** both motions for summary judgment, and holds in **ABEYANCE** the Tucker Act and Presentment issues raised by Defendant.  A status conference will be set with the parties input.

**It is so ORDERED.**

                                         s/ Loren A. Smith
                                        LOREN A. SMITH,
                                        Senior Judge